**Aurelio Garcia CHAVEZ;
et al., Petitioners,**

**v.**

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 06–72970.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Aurelio Garcia Chavez, Los Angeles, CA, pro se.

Elvia Marcela Gomez Garcia, Los Angeles, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., James A. Hurley, U.S. Department of Justice, Civil Div./ Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Aurelio Garcia Chavez and Elvia Marcela Gomez Garcia, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ) denial of their application for cancellation of removal for failure to satisfy the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). Petitioners contend that the IJ erred in holding that their departures to Mexico interrupted their continuous presence. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

We reject respondent's contention that petitioners failed to exhaust administrative remedies. Their brief in support of their appeal to the Board raised the issue of continuous physical presence. *See* 8 U.S.C. § 1252(d)(1); *Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000).

** This disposition is not appropriate for publication and is not precedent except as provid-

An intervening change in the law requires us to remand the case. It appears from the record that petitioners departures may have constituted border turnarounds or uninformed voluntary departures, as opposed to a knowing acceptance of administrative voluntary departure. In *Tapia v. Gonzales*, 430 F.3d 997, 998 (9th Cir.2005), we concluded "that being turned away at the border by immigration officials does not have the same effect as an administrative voluntary departure and does not itself interrupt the accrual of an alien's continuous physical presence." Similarly, in *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir.2006), we held that voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the deportation. Accordingly, we grant the petition for review and remand for further fact-finding consistent with *Tapia* and *Ibarra–Flores*.

**PETITION FOR REVIEW GRANTED; REMANDED.**